UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| BURLINGTON SCHOOL DISTRICT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-215 |
| | ) |
| MONSANTO CO., SOLUTIA, INC., | ) |
| and PHARMACIA LLC, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The Burlington School District ("BSD") commenced this action after discovering polychlorinated biphenyls ("PCBs") at Burlington High School. Defendants Monsanto Co., Solutia, Inc., and Pharmacia LLC are allegedly successors to the old Monsanto company, which was the primary manufacturer of PCBs in the United States for several decades, including when Burlington High School was built. The Complaint alleges that Monsanto failed to alert BSD to the dangers posed by the presence of PCBs in school buildings, testing revealed dangerous levels of PCBs on the school campus, and Defendants are now liable for the cost of razing and rebuilding the school. Pending before the Court are Pharmacia's motions to quash portions of BSD's Rule 30(b)(6) notice and for a protective order with respect to certain topics set forth in the notice. For the reasons set forth below, the motions are granted in part and denied in part.

## Background

BSD has noticed the deposition of Pharmacia's Rule 30(b)(6) representative.  Attached to the notice is a list of 32 topics that BSD expects the deponent to address.  Pharmacia's motion to quash asserts both general and specific objections to those anticipated topics.

Pharmacia objects generally to any questioning that goes beyond its knowledge of Monsanto's manufacture, distribution, and sale of PCBs from 1935 to 1977.  Pharmacia submits that Monsanto ceased manufacturing PCBs in 1977, and that any knowledge or communications since that time are irrelevant to BSD's claim that Monsanto caused PCBs to be incorporated into Burlington High School in the 1960s.  Pharmacia also objects to questioning regarding its "present-day" knowledge of PCB issues at Burlington High School, arguing that disclosing such "present-day" knowledge would require it to prematurely reveal expert opinions and/or delve into its litigation work product.

Pharmacia further asks the Court to strike BSD's requests for information about its communications with Pfizer, Inc., Bayer AG, Monsanto Company, Eastman Chemical Co. and/or Solutia.  Each of those companies bears a corporate relationship to the former Monsanto.  Pharmacia argues that BSD's proposal "ignores" expert disclosure rules and may also invade Pharmacia's

privileged communications, work product privileges, and protections under the common interest doctrine.

Finally, Pharmacia objects to BSD's proposed questions about the retention of lobbyists, former employees, scientists, or other consultants concerning the portrayal of PCBs to the media, public, or any regulator.  Pharmacia contends that any such persons were retained for the purpose of responding to PCB litigation or in anticipation of litigation, and that BSD is not entitled to premature disclosure of either its testifying experts or its consulting experts.

BSD opposes Pharmacia's motions, arguing that its proposed topics are appropriate and lawful.  With respect to Pharmacia's request to limit the inquiry to the period between 1935 and 1977, BSD notes that Pharmacia disputes whether, under today's understanding of the science, the PCB levels at Burlington High School pose a public health threat.  With regard to lobbyists, scientists, or other consultants, BSD alleges that those persons were retained to lobby Congress for liability protection and were not hired in anticipation of litigation as contemplated by the Federal Rules of Civil Procedure.  Finally, particularly with respect to privilege, BSD submits that appropriate objections may be made at the time of the deposition, including instructing the witness not to answer the question, and that the witness can decline to answer questions if, for example, the

3

question seeks knowledge that is held exclusively by a retained expert. The Court addresses these various arguments in more detail below.

## Discussion

### I. Request for a Temporal Restriction

Several of Pharmacia's objections, particularly with regard to temporal restrictions, argue that information beyond a certain time period is irrelevant. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). "The party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). In the discovery phase of a case, the concept of relevance is "liberally construed." *Daval Steel Prods. v. M/V*

4

*Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Pharmacia asks the Court to limit the Rule 30(b)(6) deposition to the company's understanding about PCBs between 1935 and 1977.  BSD submits the Pharmacia's current understanding of the impacts of PCBs is relevant given apparent disputes about screening methods and toxicity levels.  In its reply, Pharmacia agrees that its "position on current PCB science is relevant and discoverable," but objects that such issues are more appropriately presented to an expert witness: "Questions about a chemical's toxicity – and its effects at a particular property — are expert questions and should be addressed by experts."  ECF No. 77 at 2.

Pursuant to Rule 30(b)(6), a party may name a corporation as a deponent and describe with reasonable particularity the matters on which that party wishes the corporation to testify.  Fed. R. Civ. P. 30(b)(6).  A corporation receiving such a notice must designate a person or persons to testify on its behalf, and the persons so designated must "testify as to matters known or reasonably available" to the corporation.  *Id.*; *Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. 226, 229 (S.D.N.Y. 2015) ("Rule 30(b)(6) witnesses are expected to prepare by gathering *corporate* knowledge."). "[I]n testifying as to matters within [a company's] corporate knowledge ..., [a

5

Rule 30(b)(6) deponent] cannot make comments that would otherwise require expert qualifications." *Brazos River Auth. v. GE Ionics. Inc.*, 469 F.3d 416, 434-35 (5th Cir. 2006).

The Court agrees with Pharmacia that the Rule 30(b)(6) witness need not be prepared to testify about current scientific understandings about PCB volatility, toxicity, and the like, insofar as that information will be explained by experts.  The motions to quash and for a protective order on that issue are therefore granted.

With respect to the more general issue of temporal limitation, the Court will not bar questions pertaining to matters within the corporation's knowledge after 1977.  As one district court determined when addressing essentially this same issue, "[a]llowing discovery on subjects after 1980 reasonably could lead to matters bearing on real issues in this case — whether Defendants are liable for present-day public nuisance, failure to warn or instruct, and injury and damages; and whether the continuing-tort doctrine applies." *City of Spokane v. Monsanto Co.*, No. 2:15-CV-00201-SMJ, 2019 WL 3246503, at *4 (E.D. Wash. July 19, 2019).  The Complaint in this case sets forth similar claims, the claims have not been dismissed, and post-1977 information is plainly "of consequence" for such causes of action.  Fed. R. Evid. 401.  Furthermore, as to Pharmacia's contention that Plaintiffs' proposed questions are

6

not proportional to the needs of the case, the Court finds that asking about full corporate knowledge in a case claiming over $100 million in damages does not run afoul of proportionality. The motions to quash and for a protective order with respect to imposition of a temporal restriction are therefore denied.

## II.  Topics 1, 4, 9, 20, and 21

Pharmacia objects to the following topics, arguing that they seek information protected by expert disclosure rules and the work product doctrine:

> 1. The tendency of PCBs to volatilize, vaporize, off-gas, migrate, leach, or otherwise escape from Building Materials, as reflected in documents produced by Defendants including, by way of example only, PCB-ARCH0055407.  This Topic includes Pharmacia's present-day knowledge of the stated subject-matter.
>
> 4. The tendency of PCBs to persist and/or resist degradation or decomposition in indoor environments. This Topic includes Pharmacia's present-day knowledge of the stated subject-matter.
>
> 9. The fate and transport of PCBs in indoor environments.  This Topic includes Pharmacia's present-day knowledge of the stated subject-matter.
>
> 20. Pharmacia's inspection of Burlington High School in early 2023, including the nature of samples collected, the results of analyses obtained and any conclusions derived therefrom, and any alleged defects in the inspection performed by Plaintiff's inspection team.
>
> 21. The levels or concentrations, if any, at which Pharmacia contends PCBs in indoor air do not pose a health or safety concern for persons under the age of 18, in general and at Burlington High School in particular.

As with Pharmacia's request for a temporal limitation, the principal objection here is that these topics will require exposure of either expert opinions or protected work product. And as the Court determined above, the Rule 30(b)(6) representative need not provide testimony on issues best addressed by experts. The pending motions are therefore granted with respect to Topics 1, 4, 9, and 21.

With respect to Topic 20, BSD intends to ask the witness about the results of inspections at Burlington High School in early 2023. To the extent that Pharmacia has knowledge of those results and has formed opinions on the matters set forth in the proposed topic, the questions may be asked and should be answered. Pharmacia's motions with respect to Topic 20 are therefore denied.

### III. Topics 27 and 28

Pharmacia objects to these topics as an "attempt to do an end-run around the limits of discovery by requesting" information about:

> 27. Pharmacia's retention, whether on its own behalf or on behalf of Monsanto, Solutia, Bayer, Eastman Chemical Co., and/or Pfizer, Inc., of any lobbyist (registered or otherwise), former employee, scientist, and/or other consultant, concerning the portrayal of PCBs to the media, public, or any regulator.

> 28. Pharmacia's communications with any lobbyist (registered or otherwise), former employee, scientist, and/or other consultant retained by Pharmacia,

8

>   whether on its own behalf or on behalf of Monsanto, Solutia, Bayer AG, Eastman Chemical Co., and/or Pfizer, Inc., concerning the portrayal of PCBs to the media, public, or any regulator.

In support of the pending motions, counsel for Pharmacia submitted an affidavit stating that "[a]ll consultants and experts Pharmacia LLC has retained for purposes of the portrayal of PCBs to the media, public, or any regulator were retained specifically to respond to PCB litigation." ECF No. 67-4 at 1. Counsel further attests that "Pharmacia LLC has not retained lobbyists concerning the portrayal of PCBs to the media, public, or any regulator." *Id.* at 2. BSD, however, claims that Pharmacia engaged a public relations firm, FTI Consulting, to lobby Congress to enact PCB liability protection, and that it has a right to question the Rule 30(b)(6) representative about such lobbying. ECF No. 73 at 12.

To the extent that lobbyists have been hired to lobby any legislative or regulatory body on Pharmacia's behalf, BSD may inquire about such lobbying efforts. If, however, lobbyists or other consultants were hired to assist with this or other litigation, communications with those persons may be protected and, if protected, cannot be the subject of questions at the Rule 30(b)(6) deposition. Pharmacia may assert appropriate objections at the deposition, and its motions are granted in part and denied in part with respect to Topics 27 and 28.

**IV.  Topics 23, 24, and 25**

Pharmacia requests a protective order on the following topics, arguing they are protected by the common interest doctrine:

> 23. Pharmacia's communications with Pfizer Inc. regarding the issue of PCBs in School buildings.
>
> 24. Pharmacia's communications with Bayer AG and/or defendant Monsanto Company regarding the issue of PCBs in School buildings.
>
> 25. Pharmacia's communications with Eastman Chemical Co. and/or defendant Solutia, Inc. regarding the issue of PCBs in School buildings.

The common interest doctrine "protect[s] the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel."  *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989).  Pharmacia submits that in a series of transactions over the past 20 years, Pfizer Inc. acquired Pharmacia, Eastman Chemical Co. acquired Solutia, Inc., and Bayer AG acquired Monsanto Co.  Pharmacia specifically argues that discussions during and after the merger between Bayer and Monsanto in 2018 are privileged.  It also contends that present-day communications among the listed entities are driven by counsel and are related to PCB litigation.

10

Pharmacia reports that it already produced to BSD "the non-privileged results of a reasonably diligent search related to PCBs in schools." ECF No. 77 at 7. Monsanto's communications contemporaneous with its manufacture of PCBs have been produced to BSD in the form of a PCB Archive and Archive Extension. As to discussions among Bayer, Monsanto, and other related corporate entities about potential PCB liability, the Court agrees with Pharmacia that such discussions leading up to and after their merger are privileged. *See City of Spokane*, 2019 WL 3246503, at *3 ("[D]uring and after the 2018 merger, any attorney-client communications that Defendant and Bayer shared with or disclosed to each other remain privileged."). Given Pharmacia's reasonable efforts to identify information relevant to PCBs in school buildings, the Court will not compel the Rule 30(b)(6) witness to be informed about information not already produced and/or protected. The pending motions with respect to Topics 23, 24, and 25 are therefore granted to the extent they seek information beyond what has been produced.

## Conclusion

Pharmacia's motions to quash and for a protective order (ECF No. 67) are granted in part and denied in part as set forth above.

11

DATED at Burlington, in the District of Vermont, this 17th day of May, 2024.

                                              <u>/s/ William K. Sessions III</u>
                                              Hon. William K. Sessions III
                                              U.S. District Court Judge