UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BURLINGTON SCHOOL DISTRICT,   )
                              )
          Plaintiff,          )
                              )
     v.                       )   Case No. 2:22-cv-215
                              )
MONSANTO CO., SOLUTIA, INC.,  )
and PHARMACIA LLC,            )
                              )
          Defendants.         )

**OPINION AND ORDER**

The Burlington School District ("BSD") commenced this action after discovering polychlorinated biphenyls ("PCBs") at Burlington High School. Defendants Monsanto Co., Solutia, Inc., and Pharmacia LLC (collectively "Defendants") are allegedly successors to the old Monsanto company, which was the primary manufacturer of PCBs in the United States for several decades.

On April 16, 2026, the Court denied Defendants' motion for summary judgment. Pending before the Court is Defendants' motion to clarify and amend the summary judgment ruling by striking one sentence from the Opinion and Order. The sentence at issue contains previously-undisputed statements of fact and is not material to the Court's ruling. In addition to their request for an amended Opinion and Order, Defendants ask the Court to allow them to now dispute those statements of fact. For reasons set forth below, Defendants' motion is granted.

**Factual Background**

Defendants moved for summary judgment on all claims on November 5, 2025. ECF No. 134. On April 16, 2026, the Court denied the motion. ECF No. 204. In the Factual Background section of its Opinion and Order, the Court included the following sentence: "Between 1955 and 1977, Monsanto's profits from PCB sales were approximately $850 million dollars, which would be equivalent to over $4.6 billion today." *Id.* at 10.

That sentence was based upon assertions set forth in BSD's Statement of Additional Material Facts, submitted in support of its opposition to the motion for summary judgment. ECF No. 171-1 at 32. In paragraph 111 of its factual statement, BSD stated: "Between 1955 to 1977, Monsanto's profits from PCB sales were approximately $850 million, which would be worth over $4.6 billion today. Ex. A (*Rose*) at 21." *Id.* In response, Defendants stated those facts were "Undisputed." ECF No. 190-1 at 61.

Defendants now ask for leave to change that response. They also ask the Court to strike those factual statements from its Opinion and Order. Defendants explain that the numbers in question come from a May 28, 2025 ruling by the State of Washington Superior Court in *Rose et al. v. Pharmacia LLC*, Doc. 18-2-58239-3 SEA ("*Rose*"). The *Rose* decision concluded: "[t]he evidence at trial showed that . . . Monsanto's profits for PCB sales were approximately $850 million, which would be worth over

2

$4.6 billion today." ECF No. 213-1 at 20. The *Rose* court apparently assumed that the $850 million figure was in 1977 dollars. Defendants and BSD agree that this assumption was an error, as the $850 million number had already been updated to a more current dollar value. Accordingly, the $4.6 billion figure was improperly calculated and incorrect.

BSD does not object to amendment of this Court's April 16, 2026 Opinion and Order to the extent the reference to $4.6 billion is deleted. BSD does object to deletion of the reference to $850 million. Neither figure was material to the Court's summary judgment ruling.

Defendants currently contest both figures. They claim that when characterizing BSD's statement of fact as "undisputed," they intended to concede only that *Rose* was the source of the numbers – not that the numbers themselves were accurate. Defendants therefore request leave to amend their response to paragraph 111 of BSD's Statement of Additional Facts to read: "Undisputed that the 5/25/2025 *Rose* Order contains that figure. Disputed as to the amount of Monsanto's profits from PCB sales." ECF No. 213 at 2.

BSD has reportedly asked Defendants to stipulate to the $850 million profit figure for the purpose of trial. ECF No. 215-1 (email correspondence among counsel). Defendants have thus far declined. *Id.* BSD also informs the Court that it intends to

3

file an "estoppel motion" arguing that Defendants are estopped from challenging the findings in the *Rose* decision. ECF No. 215 at 8.

### Discussion

BSD argues that the pending motion should be denied for several reasons, including Defendants' failure to cite a rule governing their request for amendment and revision. BSD also contends that Defendants have not met the standard for reconsideration. The Court does not construe the pending motion as one for reconsideration, as the motion does not seek any substantive changes to the summary judgment decision. Indeed, if Defendants' motion is granted, the only impact on the Opinion and Order will be the deletion of a single factual sentence.

Given that revision of Defendants' fact response, and any corresponding amendment to the Court's decision, will have no substantive impact on summary judgment, the Court turns to the potential impact on trial. BSD submits that Defendants' response constituted a judicial admission that remains binding throughout the case. Defendants argue a factual concession at summary judgment does not carry over to trial. The Court agrees with Defendants' position on this point, as it is consistent with summary judgment practice within the Second Circuit. *See, e.g., Ramgoolie v. Ramgoolie*, No. 16-CV-3345 (VEC)(SN), 2018 WL 4266015, at *7 (S.D.N.Y. Sept. 6, 2018) ("That these facts were

deemed admitted at summary judgment does not preclude Defendant from challenging Plaintiff's evidence at trial.").

Statements of material fact, and responses to those statements, are governed by Federal Rule of Civil Procedure 56 and Local Rule 56. Neither Rule states that an admission of fact, or a statement that a fact is undisputed, constitutes a judicial admission for the purpose of trial. Some Local Rules within this Circuit explicitly state that such responses are strictly limited to the summary judgment process. *See, e.g.*, *Cortes v. City of New York*, No. 14CV03014LDHRML, 2019 WL 5592853, at *3 (E.D.N.Y. Oct. 30, 2019) (citing Local Rule 56.1 which states that, unless controverted, each factual statement by the moving party "will be deemed to be admitted *for purposes of the motion*") (emphasis supplied)); *Ramgoolie*, 2018 WL 4266015, at *7 ("under Rule 56.1(c), facts are deemed admitted for the purposes of the motion"). Consequently, "district courts in this circuit routinely remind litigants that their Local Rule 56.1 statements may be deemed admitted for the purposes of a summary-judgment motion, but not trial." *Cortes*, 2019 WL 5592853, at *4; *see Marrero v. Air Brook Limousine*, No. 13 CIV. 2791 CM, 2014 WL 1623706, at *2 (S.D.N.Y. Apr. 23, 2014) ("all statements of fact contained in defendants' Rule 56.1 Statement are deemed admitted for the purposes of this motion (albeit not for trial)").

To be considered a binding judicial admission, "a statement must have sufficient formality or conclusiveness." *In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020) (internal quotation marks and citation omitted). Because a response to a factual submission at summary judgment is limited to that proceeding, it does not possess the "conclusiveness" required to constitute such an admission. *See Lovati v. Petroleos de Venezuela, S.A.*, No. 1:19-CV-04799 (ALC) (HJR), 2025 WL 3677013, at *4 (S.D.N.Y. Dec. 18, 2025) ("Rule 56.1 statements do not extend beyond the summary judgement context and as such are not judicial admissions binding at trial."). In sum, a factual concession at summary judgment does not constitute a stipulation of fact for use at trial.

BSD cites a series of cases for support, none of which are directly on point. In *Christian Legal Society Chapter of the University of California, Hastings College of the Law v. Martinez*, the Supreme Court considered a ruling on cross-motions for summary judgment. 561 U.S. 661, 673-74, 678 (2010). The Court did not address whether the parties' factual stipulations would have been binding at trial. In *Hoodho v. Holder*, the Second Circuit considered a concession of removability in the context of federal immigration regulations. 558 F.3d 184, 192 (2d Cir. 2009) ("we hold that an IJ does not err by accepting an alien's concession of removability when that concession is not

plainly contradicted by record evidence"). And in *American Airlines, Inc. v. Sureway Worldwide, LLC*, the district court denied a request to retract a concession at summary judgment where the issue was material, and the retraction would cause "obvious prejudice" to the opposing party. No. 03 CV 4159 (ILG), 2008 WL 11411299, at *11 (E.D.N.Y. Mar. 11, 2008) ("consideration of the new information provided by Global would permit the injection of a questionable issue of fact where American has otherwise met the standard for summary judgment").

Here, the proposed changes are neither material nor prejudicial. It is undisputed that the cited dollar values played no role in the Court's consideration of the legal issues presented at summary judgment. Furthermore, striking those values from the Opinion and Order and allowing Defendants to amend their response will cause no prejudice, since the response was not a judicial admission to which Defendants would be bound at trial. Finally, the parties agree that the $4.6 billion number in the *Rose* decision, cited in BSD's Statement of Additional Material Facts, was incorrect, and that the Court may strike that figure from its Opinion and Order.

In light of these considerations, Defendants' motion is granted. They may amend their response to paragraph 111 of BSD's Statement of Additional Material Facts within 14 days of this Opinion and Order to reflect that both the $850 million and $4.6

billion figures are disputed. The Court will issue an amended summary judgment ruling striking the entire sentence in question, including references to both figures.[1]

## Conclusion

For the reasons set forth above, Defendants' motion to clarify and amend (ECF No. 213) is granted.


DATED at Burlington, in the District of Vermont, this 11th day of June 2026.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge

---

[1] The Court offers no opinion on BSD's argument that Defendants are estopped by rulings in the *Rose* decision. BSD has informed the Court that it will present that issue in a future motion.